IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HUBERT W. WINGATE,<br>*Petitioner*,<br>v.<br>SUPERINTENDENT BROTHERS, *et al*,<br>*Respondents*. | Civil Action No. 2:26-cv-93<br>Hon. William S. Stickman IV<br>Hon. Christopher B. Brown |

**ORDER OF COURT**

AND NOW, this 14 day of September 2026, after Petitioner Hubert W. Wingate ("Wingate") filed a petition for writ of habeas corpus (ECF No. 1)[1] and Respondents filed a motion to dismiss (ECF No. 5), a thorough Report and Recommendation was filed by United States Magistrate Judge Christopher B. Brown recommending that the motion to dismiss be granted, the petition for a writ of habeas corpus be dismissed with prejudice as untimely, and a certificate of appealability be denied (ECF No. 16), the Court reviewed Wingate's objections (ECF No. 17) and conducted its independent *de novo* review of the entire record. The Court hereby ADOPTS Magistrate Judge Brown's Report and Recommendation as its Opinion. It concurs with his thorough legal analysis, legal conclusions, and recommendations. The Court has independently reached the same conclusions as Magistrate Judge Brown.

[1] On January 12, 2017, in the Court of Common Pleas of Allegheny County, Pennsylvania, at Docket No. CP-02-CR-0006414-2015, Wingate was convicted of Murder of the First Degree, Persons Not to Possess a Firearm, Conspiracy to Commit Arson, two counts of Theft By Unlawful Taking, two counts of Receiving Stolen Property, Abuse of a Corpse, and Tampering With or Fabricating Physical Evidence. On April 13, 2017, he received an aggregate sentence of life incarceration without the possibility of parole plus 11 to 22 years of incarceration. The Court has jurisdiction under 28 U.S.C. § 2254, the federal habeas statute applicable to prisoners in custody pursuant to a state-court judgment.

Wingate asserts five grounds for relief, as outlined by Magistrate Judge Brown in his Report and Recommendation. (ECF No. 1; ECF No. 16, pp. 8–9). He seemingly concedes that his petition is untimely but argues that his claims are subject to the miscarriage of justice exception to the statute of limitations and/or to equitable tolling. (ECF No. 15). The Court concurs with Magistrate Judge Brown that the trigger date for all claims, which concern trial-related matters, was when his judgment of sentence became final – July 19, 2014 – and that he had until July 19, 2015, to file a habeas petition. (ECF No. 16, pp. 12–13). Because Wingate pursued a PCRA in state court, he had until September 7, 2024, 320 days after his first PCRA proceeding concluded, to file a timely habeas petition. The instant habeas petition was not filed until January 2026. The Court agrees with Magistrate Judge Brown that Wingate has not shown that extraordinary circumstances exist to warrant equitable tolling and allow the Court to consider the merits of his five claims. (*Id.* at 15–17). Further, it is the Court's firm opinion, for the same reasons outlined by Magistrate Judge Brown (*Id.* at 20-22), that Wingate has not shown that he is factually innocent of the crimes for which he stands convicted. He has failed to overcome the time-bar.

The Court hereby OVERRULES Wingate's objections (ECF No. 17).

IT IS HEREBY ORDERED that the motion to dismiss (ECF No. 5) is GRANTED, and Wingate's petition for writ of habeas corpus (ECF No. 1) is DISMISSED.

IT IS FURTHER ORDERED that a certificate of appealability is DENIED. Reasonable jurists would not find the Court's denial of relief on Wingate's claims debatable or wrong.[2]

[2] A certificate of appealability may issue only upon "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional

IT IS FINALLY ORDERED that pursuant to Federal Rule of Appellate Procedure 4(a)(1), if Wingate desires to appeal from this Order, he must do so within thirty (30) days by filing a notice of appeal as provided in Federal Rule of Appellate Procedure 3.

BY THE COURT:

WILLIAM S. STICKMAN IV
UNITED STATES DISTRICT JUDGE

---

right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). On the other hand, when a district court has rejected a constitutional claim on its merits, a petitioner must "demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong, a demonstration that [ ] includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Id.* (citation omitted).